IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OCEAN CITY TAXPAYERS
FOR SOCIAL JUSTICE, *et al.*,

    Plaintiffs,

       v.                Civil Action No. RDB-15-1947

MAYOR AND CITY COUNCIL OF
OCEAN CITY,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action involves a petition (the "Petition") to force a public vote on a ballot initiative related to property taxes in Ocean City, Maryland. On July 1, 2015, the Plaintiffs, Anthony Christ ("Christ"), John Medlin ("Medlin"), Joseph Hall ("Hall"), and Herbert Pawlukewicz ("Pawlukewicz") (collectively, "Plaintiffs"), titling themselves "Ocean City Taxpayers for Social Justice"[1] ("OCTSJ"), and proceeding *pro se*, filed suit in this Court seeking a writ of habeas corpus. Plaintiffs name the Mayor, Council, & Town of Ocean City ("Ocean City") as Defendant, and claim violations

---

[1] The status of OCTSJ is unclear. The Plaintiffs' submissions to this Court name OCTSJ as a Plaintiff, and refer to OCTSJ as an entity (*See* ECF Nos. 1, 3) but also claim that it has no legal existence, and is therefore not subject to suit (Resp. to Mot. in Opp'n of Pls.' Req. for Emergency Removal, 8, ECF NO. 23). This Memorandum Opinion will not resolve this issue. This Court has instructed Plaintiffs that the local rules require that all parties other than individuals must be represented by counsel in civil proceedings. Order, ECF No. 4; Local Rule 101.1.a (D. Md. 2014). As the named Plaintiffs have not acquired counsel on behalf of OCTSJ, it will be struck as a named party to this action.

1

under the First Amendment, U.S. Const. amend. I, the Takings Clause, U.S. Const. amend. V, and the Due Process clause, U.S. Const. amend. V.[2]

On July 8, 2015, the Town of Ocean City ("Defendant") filed a complaint for declaratory judgment against the present Plaintiff Christ in the Circuit Court for Worcester County, Maryland.[3] On July 24th, Christ filed a Notice of Removal for this action.[4] This Court consolidated it with the first case filed with this Court.

Pending before this Court are Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (ECF No. 11); and Defendant's Motion to Remand (ECF No. 22) the complaint for declaratory judgment.[5] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).

For the reasons that follow, Ocean City's Motion to Dismiss the original Complaint for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (ECF No. 11), construed as a motion to dismiss, is GRANTED; and Ocean City's Motion to Remand the declaratory judgment action to the Circuit Court for Worcester County (ECF No. 22) is GRANTED.

---

[2] This Court notes that the Plaintiffs' constitutional claims apply only to the federal government, and not state or local governments. As Plaintiffs are pro se, this Court will construe their constitutional claims as applied to the states via the Fourteenth Amendment. U.S. Const. amend. XIV.
[3] This case was captioned *Mayor and City Council of Ocean City v. Anthony Chris Christ, et al.*, 23-C-15-0854.
[4] Plaintiffs titled their petition a "Request for Emergency Removal of Maryland Circuit Court Cases to Federal District Court." ECF No. 10. This Court construed their request as a Notice of Removal. Order, ECF No. 17.
[5] Ocean City also moves to have its just costs and actual expenses be paid by Plaintiffs, including attorney fees. Mem. in Supp. of Def's. Mot. to Remand, 3, 8, ECF No. 22. Given the Plaintiffs status as *pro se* litigants, this request will be denied.

# BACKGROUND

This case arises out of the Plaintiffs' submission of a charter amendment resolution petition to the Town of Ocean City, Maryland.[6] The Petition sought to allow Ocean City residents to vote on the Plaintiffs' proposal to alter the property tax rate in Ocean City.[7]

In 2014, the Plaintiffs began collecting signatures in support of their Petition. They submitted their Petition after obtaining the requisite signatures to initiate a proposed charter amendment, and the Petition was certified by the Board of Election Supervisors on June 1, 2015. Ocean City sought to quash the Petition. Subsequently, Christ and his co-Plaintiffs, who are all residents of Ocean City, Maryland, filed a Petition for writ of habeas corpus in this Court on July 1, 2015. The Plaintiffs believe that their desired relief—forcing Ocean City to submit the charter amendment to public vote—was unobtainable in a Maryland state court based on unfavorable law and state court precedent. Hence, they sought relief in this Court.[8]

---

[6] Throughout their papers, Plaintiffs allege that Ocean City misused the constant yield tax rate adjustment procedure ("Constant Yield"), MD. CODE ANN. TAX-PROP § 6-308, which allows local governments in Maryland to adjust their tax rates relative to changes in property assessment to ensure consistent revenue. Am. Compl., 5-9, ECF No. 3. Plaintiffs allege that this misuse has resulted in declining property values in Ocean City. The propriety of this practice by the Government of Ocean City, as it is alleged by Plaintiffs, is irrelevant for the purposes of this Memorandum Opinion, and will not be addressed.

[7] Plaintiffs' Petition read that "The Mayor and City Council of Ocean City shall not tax property at a rate greater than Thirty-eight Cents ($0.38) on each On Hundred Dollars of assessed valuation." Am. Compl., at 4.

[8] In their submissions to this Court, both parties cite *Bd. of Sup'rs of Elections of Anne Arundel County v. Smallwood*, 327 Md. 220 (1992), and concede that it would likely result in a favorable outcome to Ocean City in the state court declaratory judgment request. This Court need not address the applicability of *Smallwood* to the current action, as the Complaint will be dismissed under Rule 12(b)(6), and the state law declaratory action will be remanded.

In their effort to quash the Petition, Ocean City filed a request for declaratory relief against federal Plaintiff Christ, a resident of Falls Church, Virginia, in Circuit Court of Worcester County, Maryland on July 18, 2015.

On July 24, 2015, the Plaintiffs submitted a "Request for Emergency Removal" (ECF No. 10) for the state court declaratory action based on supplemental jurisdiction. This Court construed the request as a Notice for Removal, and on August 4, 2015, ordered the state and federal actions consolidated.

## STANDARD OF REVIEW

### I. Federal Court Jurisdiction

Federal courts have original jurisdiction over two kinds of civil actions: 1) those founded on a claim or right arising under the Constitution, treaties or laws of the United States; and 2) those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2006).

To maintain federal court jurisdiction over an action based on diversity, complete diversity between the plaintiffs and the defendants must exist. *See* 28 U.S.C. § 1332. When an action is removed based on diversity, complete diversity of citizenship must be established at the time of removal. *Cox-Stewart v. Best Buy Stores, L.P.*, 295 F. Supp. 2d 566, 567 (D. Md. 2003). The party asserting diversity jurisdiction bears the burden of "demonstrat[ing] that jurisdiction does, in fact, exist," and "a federal court is

4

obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## II. Motion to Dismiss Under 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the

context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).

III.  **Motion to Remand**

The burden of establishing federal jurisdiction rests with the party seeking removal. *See, e.g., Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citations omitted). This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, even if the court has original jurisdiction over a civil action, the court nevertheless has discretion to remand a case to state court if, among other things, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Remand is favored in cases turning primarily on questions of state law, because "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 729 (1966). Consequently, in a case where federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

However, the federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). In other words, "a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D.Md. 1997); *see also In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996) ("[A] federal court loses jurisdiction over a case as soon as its order to remand the case is entered.").

## DISCUSSION

As a preliminary matter, this Court notes that the Order of Removal (ECF No. 17) consolidated the two present cases. "Although consolidation 'is permitted as a matter of convenience and economy in administration, [it] . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in

7

one suit parties in another.'" *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). This Court will accordingly treat the two actions as separate for purposes of analysis.

I. **Motion to Dismiss Federal Complaint**

Plaintiffs admit that they seek to avoid unfavorable state precedent, *Bd. of Sup'rs of Elections of Anne Arundel County v. Smallwood*, 327 Md. 220 (1992) by filing this action in this Court. Specifically, they filed in this Court "in order to escape the expected adverse ruling in Maryland." Resp. to Mot. to Dismiss, 2, ECF No. 21. Plaintiffs fail to recognize that the potential for an undesirable end to their cause of action in state court does not create a federal cause question. In their attempt to gain access to the federal courts, Plaintiffs have failed to present a plausible claim for relief on the face of their Complaint, and therefore, it will be dismissed.

Put simply, Plaintiffs' efforts to circumvent unfavorable state law precedent are insufficient to afford this Court jurisdiction over their inadequately pled federal causes of action. This Court acknowledges that Plaintiffs remain free to ask the state court to overrule *Smallwood*, or to find it inapplicable to their Petition.

   a. <u>Writ of Habeas Corpus</u>

Plaintiffs seek a writ of habeas corpus. A United States District Court has jurisdiction under 28 U.S.C. § 2241 to grant a writ of habeas corpus "to a prisoner in

8

custody in violation of the Constitution of the United States." *Jones v. Cunningham*, 371 U.S. 236, 236 (1963). The availability of the writ is limited to those "in custody." *Id.* Over time, the definition of the custody requirement has developed, leading to new classes of persons able to petition for the writ. Individuals are eligible if he or she is subject to severe restraints on his or her individual liberty which are not shared by the public generally. *Id.* at 240. If not in physical custody, the petitioner must be subject to supervisory control with the imminent possibility of incarceration without a formal trial or criminal conviction. *Whorley v. Brilhart*, 359 F. Supp. 539 (E.D. Va. 1973).

Plaintiffs assert that "[e]very person unlawfully restricted or restrained in their natural liberty under any pretense whatever, any law, ordinance, resolution, edict, or rule may prosecute a writ of habeas corpus . . . " Am. Compl., at 10. Plaintiffs claim "constructive repression" and "legal custody" of their property located in Ocean City, and therefore believe themselves free to invoke habeas relief. Resp. to Mot. to Remand, 9, ECF No. 25; *see also* Am. Compl., at 10-12.

Plaintiffs' argument is misguided. The writ is hardly as broad as Plaintiffs allege, regardless of the status of their collective Ocean City properties. While the doctrine of habeas corpus has been extended beyond its historical ties to individuals in immediate physical custody, habeas corpus certainly does not apply to property allegedly held in "legal custody" by the City. Moreover, the Plaintiffs cite to no authority supporting

their proposed application.[9] As Plaintiffs have presented no cognizable form of custody that would permit issuance of a writ of habeas corpus, their demand for such a writ must be denied.[10]

  b. First Amendment

Plaintiffs next claim that the Defendant "deprive[d] the people of their court," Am. Compl., at 12, and denied them the right "to petition the Government for a redress of grievances" by selective or restrictive judicial application of state law, *id.* at 2. Plaintiffs believe they "cannot obtain a fair hearing in the State Courts of Maryland." *Id.* at 5. Specifically, Plaintiffs allege that the "Restrictive Application of Maryland Tax-Property 6-303(6-302a) Violates Due Process under the First . . . Amendment[]," i*d.* at 9, and that the "State of Maryland Court's application of Maryland Tax Property, Section 6-303(302a) . . . violated Plaintiffs' rights as outlined in the First Amendment . . . " *Id.*[11]

---

[9] The Plaintiffs cite *In re Petersen*, 51 Cal. 2d 177, 180 (1958), in support of their assertion that the writ is available to individuals who are "constructively repressed and subject to restriction or restraint." Am. Compl., at 10. Plaintiffs ignore that in *Peterson*, the court recognized that while the writ may not require actual detention in prison, it does require constructive restraint by penal authorities, such as Peterson's own release on parole. *In re Peterson.*, 51 Cal. 2d at 181.

[10] As the writ is inapplicable to Plaintiffs' allegations, this Court will not address the exhaustion requirement for a proper habeas claim.

[11] This Court notes that it could dismiss this First Amendment argument and the Taking Clause claim as inadequately pled. Plaintiffs pled these as direct actions, and not as 42 U.S.C. § 1983 claims. The First and Fifth Amendment applies to the Federal Government, while the Fourteenth Amendment incorporates these amendments and applies them to state and local Governments. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 245 (4th Cir. 1999); *Naegele Outdoor Adver. v. Durham*, 844 F.2d 172, 174 (4th Cir. 1988). However, there can be no direct Fourteenth Amendment claim against a local government defendant, as § 1983 provides the remedy. Given the Plaintiffs status as *pro se*, this Court will treat these claims as adequately pled under § 1983.

The First Amendment recognizes "the right of the people . . . to petition the [G]overnment for a redress of grievances." U.S. Const. amend. I. The right to petition extends to all departments of the Government, including access to the courts. *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002).

Plaintiffs have failed to make any showing of a deprivation of their First Amendment rights. They cite to no facts or authority that support a claim of either denial of their right to petition their local government or of access to the courts. Indeed, the "Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy." *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 283 (1984). By their own admission, Plaintiffs did petition their Government. Plaintiffs circulated their Petition and submitted it to the Ocean City Council after obtaining the requisite number of signatures. They have not alleged that a government actor sought to limit their Petition signing campaign or prevented them from submitting the Petition. Nor have Plaintiffs pled a denial of access to the courts. Plaintiffs believe *Smallwood* would result in an unfavorable judgment in state court. Plaintiffs' anticipation of not obtaining their desired redress in state court however, does not transform their claim into a federal cause of action based on denial of access to the courts.

   c. <u>Due Process</u>

11

In their initial Complaint, Plaintiffs assert that "Restrictive Application of Maryland Tax-Property 6-303(6-302a) Violates Due Process under the . . . Fourteen Amendment[]" (Am. Compl. at 9).[12] Again, Plaintiffs claim they "cannot obtain a fair hearing in the State Courts of Maryland." *Id.* at 5. Plaintiffs refer to *Smallwood* as the basis for this alleged due process violation. Plaintiffs have not alleged that the state courts would not hear their case, nor have they alleged any other cognizable deprivation of their right to a fair trial under the Fourteenth Amendment. The bare assertion of a violation of due process based on the supposed application of unfavorable state court precedent does not state a cause of action sufficient to avoid a motion to dismiss under 12(b)(6). Plaintiffs mistake what is constitutionally required—a fair trial—for what they desire—a favorable judgment.

d. Prosecutorial Vindictiveness

Plaintiffs further assert prosecutorial vindictiveness based on their allegations that "the proceeding came about as a result of unfair and unequal application of a State of Maryland Law that violates the People's Liberty, of which no reasonable juror would allow." Am. Compl., at 13. Due process protects against prosecutorial vindictiveness. *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). It applies in criminal cases in which a Government prosecutor treats a defendant with animus for

---

[12] In later submissions, Plaintiffs also allege that "Tax-Property Article § 9-105 creates an illegal two-tiered tax system" between owner-occupied principle residences and non-resident owners, in violation of Equal Protection under the Fourteenth Amendment. Resp. to Mot. to Dismiss at 17. However, no such allegation was contained in either their original or amended complaint. See Compl., ECF No. 1; Am. Compl.. Consequently, this contention was not properly pled and will not be addressed.

exercising an established right or for doing what the law allows. *Id.* As the state action at issue is a civil suit, this assertion is without merit.

   e. Taking

Plaintiffs finally argue violations based on the Takings Clause of the Fifth Amendment.[13] U.S. Const. amend. V. The United States Supreme Court instructs that "a plaintiff seeking to challenge a government regulation as an uncompensated taking of private property may proceed . . . by alleging a 'physical' taking, a *Lucas*-type 'total regulatory taking,' a *Penn Central* taking, or a land-use exaction violating the standards set forth in *Nollan* and *Dolan.*" *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 548 (2005) (*citing Lucas v. S. Carolina Coastal Council*, 505 U.S. 1003 (1992); *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978); *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987); *Dolan v. City of Tigard*, 512 U.S. 374 (1994)).

As throughout their Complaint, Plaintiffs allege a violation of a constitutional right, without recognizing that the cited provision does not protect against the harm claimed. Plaintiffs do not allege that there has been a physical invasion of their property. They instead posit two bases for their taking claim. First, they allege a taking based on Ocean City's failure to: 1) "act as required by the Charter Amendment Procedures," Resp. to Mot. to Dismiss, at 11; and 2) give proper notice of tax increase meetings to the public allegedly in violation of MD. Code Ann. Tax-Prop § 6-308, Resp. to Mot. to Dismiss, at 11; Resp. to Mot. in Opp. of Pls.' Req. for Emergency

---

[13] This Court will treat this as adequately pled under § 1983. *See supra* note 11.

Removal, 10, ECF No. 23. Second, Plaintiffs allege a taking based on "illegal property taxes." Req. for Emergency Removal, 3, ECF No. 10.[14] While this argument was not directly raised in the initial or amended Complaints, it was raised in Plaintiffs' Motion for Removal of the declaratory judgment action, and both parties have addressed this claim in their filings. *See* Resp. in Opp. re Mot. Request for Emergency Removal, 4-6, ECF No. 18; Resp. to Mot. in Opp. of Pls.' Req. for Emergency Removal, at 5.

These allegations fail to state a claim sufficient to survive Rule 12(b)(6). Plaintiffs fail to cite any precedent supporting a Takings Clause violation based on the Government conduct alleged in their first claim, nor can this Court find any cases finding such a violation. Plaintiffs' second allegation also does not support a claim under the Takings Clause. Money is not private property that can be physically occupied by the Government. *See United States v. Sperry Corp.*, 493 U.S. 52, 62 n.9 (1989). In fact, federal courts have rejected theories that a Government's act of taxation is a *per se* taking of private property within the meaning of the Constitution. *See, e.g., Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005); *United States Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002); *Branch v. United States*, 69 F.3d 1571, 1576 (Fed. Cir. 1995). Similarly, other circuits have rejected takings claims based on a theory of illegal taxes. *See LaBorde v. City of Gahanna*, 946 F. Supp. 2d 725, 731

---

[14] Plaintiffs argue that the procedural allegation in the first basis resulted in excessive tax revenues, which deprived landowners of significant property value. Resp. to Mot. in Opp. of Pls.' Req. for Emergency Removal, at 5, 10. Even assuming this deterioration in property values was adequately pled as a regulatory taking, the takings clause requires a sacrifice of "all economically beneficial uses in the name of the common good." *Lucas*, 505 U.S. at 1019. No such sacrifice is alleged here.

(S.D. Ohio 2013) *aff'd*, 561 F. App'x 476 (6th Cir. 2014); *United States Shoe Corp.*, 296 F.3d at 1383. Against this persuasive authority, Plaintiffs fail to cite any relevant precedent to support their contrary assertions. Consequently, this claim must be dismissed.[15]

## II. Motion to Remand State Declaratory Judgment Action

The remaining issue before this Court is the Ocean City's Motion to Remand the state declaratory judgment action to the Circuit Court for Worcester County.

Christ removed the state declaratory judgment action to this Court, claiming this Court could exercise supplemental jurisdiction under 28 U.S.C. § 1367 on the theory that the state law claims "arise from the same set of operative facts that form the basis of the underlying federal claim." Req. for Emergency Removal, at 6. Christ claims that the state action "raise[s] no novel or complex issues of state law." Resp. to Mot. to Remand, at 11. However, Plaintiffs' submissions reveal that Christ's assertion is misplaced. Plaintiffs argue that *Smallwood* stands as precedent only for state counties, but does not apply to municipally chartered organizations like Ocean City. On this reasoning, they argue that *Smallwood* should thus not apply to their Petition. *See* Am. Compl. at 9; Resp. to Mot. to Dismiss, 2, 10, ECF No 21; Resp. to Mot. in

---

[15] Furthermore, Plaintiffs have failed to follow the proper Maryland procedure for seeking just compensation for the alleged loss. As the Supreme Court held in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985), a Fifth Amendment takings claim may not be maintained in federal court where there is an adequate state judicial procedure. A plaintiff must show that after review by the state or a state compensation agency, the state actually denied the plaintiff compensation for the taking. *Id.* at 195. There is no indication that Plaintiffs sought such review before filing in this Court.

15

Opp. of Pls.' Req. for Emergency Removal, at 11, 12, 13, 14. Under *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), the resolution of this state law question belongs in state, not federal, court, as "state issues substantially predominate." Pursuant to 28 U.S.C. § 1367(c)(3), this Court will employ its discretion to decline to exercise supplemental jurisdiction, as this Court has dismissed the claims over which it has original jurisdiction.

Alternatively, there would not be diversity jurisdiction in this matter. Christ, allegedly a resident of Falls Church, Virginia, is the sole named party in the original state court complaint.[16] Resp. to Mot. in Opp. of Pls.' Req. for Emergency Removal, at 8; Resp. to Mot. to Remand, at 6, Resp. to Mot. to Dismiss, at 22. This Court previously noted that the consolidation of proceedings does not merge separate cases into a single unit or make the parties in one case parties to the other. *See Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001). Therefore, the removal and consolidation in this case should not destroy diversity. However, Plaintiffs name the non-diverse parties in their own Motion for Removal.[17] Req. for Emergency Removal at 1. This Court recognizes that Plaintiffs are proceeding *pro se*, and has afforded their papers liberal construction. Consequently, this Court will not

---

[16] This argument assumes that OCSTJ is not a legal entity. *See supra* note 1.
[17] Plaintiffs attempted to correct this when they named only Christ in their Response to Motion in Opposition of Plaintiffs' Request for Emergency. Removal Resp. to Mot. in Opp. of Pls.' Req. for Emergency Removal at 1.

destroy the complete diversity of the removed state action due to the Plaintiffs including the non-diverse plaintiffs in their Motion for Removal.

Yet, this treatment only satisfies the first prong of the test for diversity jurisdiction. The amount in controversy requirement must also be met. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Further, "the collateral effect of the decree, by virtue of stare decisis, upon other and distinct controversies, may not be considered in ascertaining whether the jurisdictional amount is involved, even though their decision turns on the same question of law." *Healy v. Ratta*, 292 U.S. 263, 267 (1934).

In this removed action, the object of litigation is the request for declaratory judgment as to the applicability of the *Smallwood* decision to Ocean City's desire to quash the Plaintiffs' Petition. Christ alleges that the amount in controversy requirement has been satisfied even though "no monetary claim is being made by Plaintiffs, [as] the value of the matter in controversy far exceeds $75,000." Resp. to Mot. to Remand, at 6. This assertion is likely based on the Plaintiffs' allegation that Ocean City's misuse of Constant Yield, *see supra* note 6, has resulted in an improperly high property tax rate and has produced negative effects in the region.

However, diversity jurisdiction based on the effects of Constant Yield cannot be used to meet the amount in controversy requirement. The declaratory action is not concerned with the permissibility and effects of Ocean City's use of Constant Yield, but the applicability of *Smallwood* to the City's efforts to quash the Petition. No monetary claim has been pled in connection with that. Consequently, the amount in controversy requirement has not been met.

## CONCLUSION

The Plaintiffs petitioned this Court under habeas corpus, seeking a federal forum for their grievances. However, the Plaintiffs ask this Court to either misread or significantly contort established precedent to sustain their federal-based causes of action. As for the removed state declaratory judgment action, it is proper for this Court to remand the action to allow the Circuit Court for Worcester County to address these contentions. Accordingly, Ocean City's Motion to Dismiss the original Complaint for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (ECF No. 11), construed as a Motion to Dismiss, is GRANTED; and Ocean City's Motion to Remand (ECF No. 22) the state declaratory judgment action is GRANTED.

A separate Order follows.

Dated:      November 25, 2015

/s/ _____

Richard D. Bennett
United States District Judge